UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:19-cv-00521

———

**Patrick Clark, Jr. and Patrick Lockett,**
*Plaintiffs,*

v.

**Capital One Auto Finance, et al.,**
*Defendants.*

———

Before BARKER, *District Judge*

———

## ORDER

On November 4, 2019, plaintiffs, proceeding *pro se* and *in forma pauperis*, filed this action against defendants Kristi LaVenture, Capital One Auto Finance, and Capital One Bank alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* Doc. 1. This case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. Six weeks later, defendants Capital One Auto Finance and Capital One Bank filed a motion to dismiss all asserted claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 7.

In late October 2018, plaintiff Clark met with defendants to apply for a car loan. Defendants approved this loan on the condition that Clark's father, plaintiff Lockett, be added as a co-borrower. According to the complaint, when plaintiffs received their first bill, Lockett was listed as the "primary lender," and Clark was listed as the co-borrower. Plaintiffs then allege that they contacted defendants numerous times to advise them that Clark should be the primary account holder and Lockett be the co-borrower. Plaintiffs contend that defendants' failure to correct this issue constitutes violations of the Truth in Lending Act and Regulation Z.

On February 26, 2020, Judge Love issued a report and recommendation that defendants' motion be granted and that

the asserted claims be dismissed without prejudice for failure to state a claim. Doc. 19. Thereafter, plaintiffs objected to three portions of the report. Doc. 22. First, they argue that the report erred in concluding that they failed to state a valid claim. Second, they contend that the statute of limitations has not elapsed on their claims. Third, plaintiffs object to the report's finding that claims against defendant LaVenture should be dismissed because LaVenture failed to answer the complaint.

The court reviews objected-to portions of a report and recommendation de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). The court reviews all unobjected-to portions of the report and recommendation only for clear error or abuse of discretion. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted a de novo review, the court overrules plaintiffs' objections. The complaint identifies four provisions of the Truth in Lending Act and Regulation Z that defendants allegedly breached. Two of these provisions are relevant only if creditor fails to make certain disclosures. *See* 15 U.S.C. §§1632, 1638. The remaining two provisions give rise to a cause of action if a creditor fails to properly identify the property in which a security interest has been taken or fails to identify certain charges imposed incident to the extension of credit. *See* 15 U.S.C. §§ 1605, 1638. Yet plaintiffs have not alleged facts showing that defendants failed to disclose any required information. Indeed, plaintiffs' only factual allegation is that defendants swapped the primary and secondary borrowers. Thus, the court overrules plaintiff's first objection.

Plaintiffs' second objection is without merit because Judge Love's report did not address defendants' statute of limitations argument. As such, that objection is overruled.

Finally, plaintiffs' objection that defendant LaVenture failed to respond to their complaint in unpersuasive. As a preliminary matter, plaintiffs have not shown that they properly served LaVenture. Moreover, the complaint identifies LaVenture as "employed by defendant Capital One Bank," but fails to explain her role in this lawsuit whatsoever. Plaintiffs have not stated a valid claim against LaVenture and dismissal of this action is appropriate.

The court concludes that plaintiffs' objections are without merit and that the findings and conclusions of the magistrate judge are correct. Accordingly, the report and recommendation (Doc. 19) is **adopted**. All objections are **overruled**. Defendants' motion (Doc. 7) is **granted**. Plaintiffs' claims are **dismissed** without prejudice for failure to state a claim.

*So ordered by the court on April 13, 2020.*

J. Campbell Barker
United States District Judge